# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRELL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV421-339 |
| | ) | |
| SHERIFF JOHN WILCHER, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jerrell Williams filed a 28 U.S.C. § 2241 petition, but failed to pay the required filing fee. *See* doc. 2. The Clerk of Court notified him of the deficiency and directed him to pay the fee or move to proceed *in forma pauperis* no later than December 20, 2021. *See id.* Williams has not responded to the Clerk's notice or taken any action to prosecute this case. *See generally* docket. Moreover, even if he had, preliminary review of his Petition shows that it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Ashley-Mobley v. Kilgore*, 2020 WL 9595120, at *1 (N.D. Ala. Mar. 9, 2020) (recommending dismissal of § 2241 petition, pursuant to Rule 41, for failure to pay filing fee or move to proceed *in forma pauperis*), *adopted* 2020 WL 9595122 (N.D. Ala. Apr. 8, 2020); *Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute). Petitioner's case should thus be **DISMISSED** without prejudice for failing to prosecute his case.

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

Review of the substance of Williams' Petition reveals a further defect. The Eleventh Circuit has recently explained that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Williams' Petition does not indicate any attempt to present his objections to his custody to any state court.[2] *See* doc. 1 at 2-5. Since his petition does not indicate that he has presented any claim to a state court, much less taken them to the state's highest court, his Petition should, alternatively, be **DISMISSED** as unexhausted. *See, e.g.,*

---

[2] The exact nature of Williams' challenge to his pretrial custody is also unclear. He has left the section of the form Petition identifying the grounds upon which he challenges his detention effectively blank. *See* doc. 1 at 6-7. Although he refers to an "attachment" in that section, the only attachments are a handwritten letter stating that he requested records, *see* doc. 1 at 9, and a Savannah Police Department response to an open records request, *see* doc. 1-1. The records attached include an indictment against several defendants, including "Jerrell Robert Williams," on multiple counts of malice murder. *See id.* at 5-6. The copy of the Indictment attached appears incomplete, however. *See id.* at 6 (ending mid-sentence).

3

*Marshall v. Wilcher*, 2022 WL 2232503, at *1 (S.D. Ga. June 1, 2022) (recommending § 2241 petition be dismissed as unexhausted), *adopted* 2022 WL 2210062 (S.D. Ga. June 21, 2022).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 29th day of June, 2022.

　　　　　　　　　　　　　　　／s／ Christopher L. Ray
　　　　　　　　　　　　　　　Christopher L. Ray
　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　Southern District of Georgia